Argued September 10; affirmed September 24, 1940

## BALLEY *v.* LOYAL PROTECTIVE LIFE INSURANCE CO.

(105 P. (2d) 523)

*Henry E. Perkins,* of Klamath Falls, for appellant.

*U. S. Balentine* and *Clarence A. Humble,* both of Klamath Falls, for respondent.

BAILEY, J. This action was brought by Richard E. Balley against Loyal Protective Life Insurance Company on two policies of insurance, to recover indemnity for total disability over a specified period of time and for partial disability for another period. From a judgment in favor of the plaintiff the defendant has appealed.

Only two assignments of error are here urged. One of these is that the trial court erred in failing to grant the defendant's motion for a directed verdict, and the other that the defendant's objection to a hypothetical question should have been sustained.

The first cause of action is based on a policy of insurance issued July 15, 1929, by Ridgely Protective Association to the plaintiff. The defendant corporation in 1930 took over the business and assumed all the liabilities of Ridgely Protective Association. It was provided in the policy mentioned that the insurer would pay indemnity "for total disability resulting solely from accidental bodily injury or from sickness," also "for partial disability resulting from accidental bodily injury" and "if accidental bodily injury, solely and independent of all other causes, shall, from the date of the accident, totally disable the insured".

The second cause of action is based on a policy issued by the defendant corporation to the plaintiff on September 29, 1931, insuring him, subject to the provisions and limitations therein contained, "against loss resulting from bodily injury effected directly and independently of all other causes by accidental means". This policy provided indemnity for both total and partial disability.

At the conclusion of the testimony the defendant asked for a directed verdict, thus:

"The defendant moves for a directed verdict for the reason that the evidence shows conclusively that the plaintiff was suffering from some ailment at the time the accident occurred and for that reason he is not entitled to recover of the insurance company, his ailment adding to his disability."

The plaintiff, at the time of the injury complained of, was, and for many years prior thereto had been, a farmer, residing near Merrill, Oregon. His testimony was to the effect that on October 27, 1936, while hauling a load of hay, he "was jerked" and struck his knee against "the stick on the wagon" so that the knee was injured; and that solely due to this accident he was totally disabled for a period of time and partially disabled for another interval. His wife testified that at the time of the accident he was not suffering from any kind of ailment. There was also other evidence which tended to support their testimony.

■ In our opinion, there is substantial evidence in the record from which the jury could find that the plaintiff was totally disabled and thereafter partially disabled, and that his disability resulted from the accident of October 27, 1936, solely and independent of all other causes. According to the view that we take, there is no good purpose to be served by further reviewing the evidence, much of which might be said to be in conflict.

The hypothetical question upon which error is assigned was propounded to Dr. W. C. Hayden, called as plaintiff's first witness. The following objection to the question was interposed by the defendant:

"We object to that because that infection may have come from several causes. I think the time is too remote for the doctor to testify."

The question to which objection was made was not answered directly by the witness. He apparently did not understand it, and asked for elucidation. No further objection was made to the question as amplified, nor was any motion made to strike the witness's answer.

The argument in appellant's brief in this connection discusses many matters not included in the objection to the question as first asked and apparently ignores the answer given by the witness, which was as follows:

"Such a sequence of events, as that condition of the lower limb followed by a painful swelling of the glands in the groin is a common occurrence, and to me, in the absence of any other known injury, considering the short time between the injury and the reporting to the doctor, apparently from the symptoms you would naturally expect there was a definite relationship between the injury and the infection and the subsequent complication of the infected gland in the groin."

■■ The answer as given assumed "absence of any other known injury;" and, furthermore, there was definite and positive testimony that the plaintiff was not, at the time of the accident of October 27, 1936, suffering from any other injury or any ailment that could have been a source of infection. The further ground of objection, that "the time is too remote for the doctor to testify," was likewise without merit, for the reason that the question was hypothetical and did not concern the doctor's actual diagnosis of the plaintiff's condition.

We find that the circuit court committed no error. The judgment appealed from is affirmed.

RAND, C. J., and BELT and LUSK, JJ., concur.